# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD DAVID SIMMONS, | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-4846 |
| | : | |
| GENE TAYLOR, *et al.*, | : | |
|    *Defendants*. | : | |
| | : | |
| RICHARD DAVID SIMMONS, | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-4848 |
| | : | |
| OFFICER TIMOTHY McBRIDE, *et al.*, | : | |
|    *Defendants*. | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                 **DECEMBER 2, 2020**

      Plaintiff Richard David Simmons, a prisoner currently incarcerated at SCI Phoenix, filed two civil actions pursuant to 42 U.S.C. § 1983, based on his October 4, 2018 arrest and related prosecution and imprisonment. Simmons seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Simmons leave to proceed *in forma pauperis* and dismiss his Complaints without prejudice to amendment.

I[1]

Public dockets reflect that on October 4, 2018, Simmons was arrested by Officer Timothy S. McBride and charged with false imprisonment, rape, burglary, and other charges. *Commonwealth v. Simmons*, CP-23-CR-2363-2019 (C.P. Delaware). He was arraigned the same day. *Commonwealth v. Simmons*, MJ-32136-CR-0000410-2018. Following preliminary proceedings, the rape charge and an aggravated assault charge were withdrawn, as was a misdemeanor burglary charge. *Id.* Simmons ultimately pled guilty to one felony count of burglary in the Delaware County Court of Common Pleas, and the other charges pending against him were dismissed at that time. *Commonwealth v. Simmons*, CP-23-CR-2363-2019 (C.P. Delaware). He was sentenced to a minimum term of twenty-four months of imprisonment and a maximum term of sixty months of imprisonment. *Id.* Simmons's motion to withdraw his guilty plea was denied. *Id.*

Simmons's first Complaint, docketed as Civil Action Number 20-4846, names the following Defendants in their official capacities: (1) the City of Linwood; (2) Mayor Gene Taylor; (3) Chief John Ireland; (4) the Linwood Police Department; (5) Officer Timothy McBride; and (6) "Seargent [sic] Larry Moore." The Court understands Simmons to be raising claims based on his October 4, 2018 arrest and subsequent criminal prosecution. Simmons claims that Officer McBride "deliberately wrote a false police report knowingly, despite alleged victim report contradicting his report as being false." (Civ. A. No. 20-4846, ECF No. 2 at 5.)[2] He adds that Sergeant Moore "conspired" with Officer

---

[1] The following allegations are taken from the Complaint as well as public records of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

McBride after "interviewing the alleged victim" to "write false and [inaccurate] charges." (*Id.*) Simmons alleges that on the date in question, he "went into a cleaners" for medical attention, that "the officer entered the cleaners right after [him] and falsely stated he witnessed a crime in progress despite the alleged victims statement contradicting his report." (*Id.* at 6.) He does not provide any further clarification about the relevant events.

Simmons avers that the Mayor and City of Linwood failed to "enforce its policies and procedures on how to conduct a lawful arrest." (*Id.* at 5.) The Mayor allegedly knew about the false report but failed to enforce the Linwood Police Department's "policy and procedures to stop and correct the officers misconduct", which caused Simmons's false imprisonment. (*Id.* at 4.) Simmons also alleges that Chief of Police Ireland and the Linwood Police Department "knowingly allowed misconduct" and failed to train and discipline the officers who wrote the false report. (*Id.* at 4-5.) Simmons seeks compensatory and punitive damages. (*Id.* at 6.)

Simmons's second Complaint, docketed as Civil Action Number 20-4848, names Officer McBride and Sergeant Moore in their individual capacities as the only Defendants. The Complaint in Civil Action Number 20-4848 is based on the same allegations and circumstances as the Complaint in Civil Action Number 20-4846. Simmons alleges that on October 4, 2018, Officer McBride and Sergeant Moore conspired to falsely arrest and charge him with crimes he did not commit. (Civ. A. No. 20-4848, ECF No. 2 at 4.) Simmons claims that the officers arrived on the scene and "stated they witnessed a crime in progress that the alleged victim contradicted and stated never happened. Despite her statement both officers still falsely accused and charged [him] for [heinous] crimes they knew [he] didn't do." (*Id.*; *see also id.* at 5.) The

Complaint does not describe the events that occurred on October 4, 2018, including what the victim allegedly stated to the Defendants.  Simmons again seeks compensatory and punitive damages.  (*Id.* at 5.)

## II

The Court will grant Simmons leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence these civil actions.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaints if they fail to state claims.  To state a claim, a pleading must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory statements and naked assertions will not suffice.  *Id.*  As noted, the Court may also take judicial notice of matters of public record, including dockets issued in Simmons's criminal case.  *See Buck*, 452 F.3d at 260.  As Simmons is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  The Court understands Simmons to be raising Fourth Amendment claims for false arrest, false imprisonment, and malicious prosecution.  For the following reasons, the Complaints do not state a claim.

### A

---

[3] However, as Simmons is a prisoner, he will be obligated to pay the filing fee for both cases in installments pursuant to 28 U.S.C. § 1915(b).

The Court understands Simmons to be primarily alleging that Officer McBride and Sergeant Moore falsely arrested him and charged him with crimes he did not commit. To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)). "A claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more." *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998); *see also Wallace v. Kato*, 549 U.S. 384, 389 (2007) ("Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process* — when, for example, he is bound over by a magistrate or arraigned on charges.").

A plaintiff asserting a malicious prosecution claim must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *See McKenna v. City of Philadelphia*,

5

582 F.3d 447, 461 (3d Cir. 2009). "[A] cause of action for malicious prosecution may be based on the prosecution of more than one charge, and the validity of the prosecution for each charge comes into question inasmuch as the plaintiff was subject to prosecution on each individual charge which[] . . . is likely to have placed an additional burden on the plaintiff." *Johnson v. Knorr*, 477 F.3d 75, 85 (3d Cir. 2007).

Simmons's false arrest, false imprisonment, and malicious prosecution claims fail because he has not alleged facts that would plausibly support a legal conclusion that probable cause was lacking for his arrest, prosecution and related imprisonment. Simmons's allegations are vague and conclusory. He does not describe the facts and circumstances surrounding his arrest in a manner that would support a conclusion that probable cause was lacking for any of the crimes for which he was arrested. Simmons suggests that the "victim" contradicted the Defendants' version of events, but he neither describes the officers' version of events nor the victim's statement. Simmons similarly has not set forth facts supporting his conclusory allegations that probable cause was lacking for the crimes with which he was charged. Accordingly, Simmons has not stated a false arrest, false imprisonment, or malicious prosecution claim. *See, e.g.*, *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested").

Furthermore, although some of the charges stemming from the events of October 4, 2018 may have resolved in Simmons's favor, others did not, as the public record demonstrates he pled guilty to burglary. *See Commonwealth v. Simmons*, CP-23-CR-2363-2019 (C.P. Delaware). Simmons cannot prevail on malicious prosecution claims

6

based on any charges that did not terminate in his favor. *See Kossler v. Crisanti*, 564 F.3d 181, 188 (3d Cir. 2009) (en banc) ("[U]pon examination of the entire criminal proceeding, the judgment must indicate the plaintiff's innocence of the alleged misconduct underlying the offenses charged."). Due to the way the Complaints are pled, it is not clear to the Court whether Simmons is challenging the entire prosecution against him or whether he is claiming only that certain charges were false. In sum, Simmons's generalized conclusory allegations fail to state a Fourth Amendment claim based on his arrest, imprisonment, and/or prosecution.

B

Simmons's failure to state a Fourth Amendment claim, as discussed above, is fatal to all his claims. However, there are additional reasons why his claims against the City of Linwood, the Linwood Police Department, and Mayor Taylor, Chief Ireland, Officer McBride and Sergeant Moore in their official capacities, fail.

Initially, courts have concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability."); *Hadesty v. Rush Twp. Police Dep't*, Civ. A.

7

No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016).  Accordingly, the Linwood Police Department is not a proper Defendant in this § 1983 action.

Turning to Simmons's claims against the City of Linwood and his official capacity claims, claims against City officials named in their official capacity are indistinguishable from claims against the City.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).  In other words, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Id.*  As the individual Defendants are all identified as employees of the City of Linwood, claims against those Defendants in their official capacities are essentially claims against the City of Linwood.  Accordingly, the Court will analyze the claims together.

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights.  *See Monell*, 436 U.S. at 694.  "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was."  *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).  "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'"  *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)).  "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'"  *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d

845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, the Defendant must have "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

> As the United States Court of Appeals for the Third Circuit recently stated,
>
> If the alleged policy or custom at issue is a failure to train or supervise (as it is here), the plaintiff must show that this failure "amounts to 'deliberate indifference' to the rights of persons with whom [the municipality's] employees will come into contact." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)). "Ordinarily," this requires a plaintiff to identify a "'pattern of similar constitutional violations by untrained employees'" that "puts municipal decisionmakers on notice that a new program is necessary." *Id.* at 223 (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). Otherwise, the plaintiff needs to show that failure to provide the identified training would "likely . . . result in the violation of constitutional rights" — i.e., to show that "the need for more or different training [was] so obvious." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

*Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020).

Simmons's allegations are unclear and entirely conclusory. He appears to be raising many theories of liability but, although he suggests a failure to discipline or

train, he does not support those allegations with facts. He does not identify a municipal policy or custom that led to a violation of his rights or describe a pattern of behavior by City employees similar to the alleged behavior of Officer McBride and Sergeant Moore that would plausibly support an allegation of deliberate indifference here. Accordingly, Simmons's municipal liability and official capacity claims fail as pled.

IV

For the foregoing reasons, the Court will grant Simmons leave to proceed *in forma pauperis* and dismiss his Complaints in their entirety. Simmons's claims against the Linwood Police Department are dismissed with prejudice and his remaining claims are dismissed without prejudice to Simmons filing an amended complaint. Simmons should file his amended complaint as to any claims that were dismissed without prejudice in Civil Action Number 20-4846, so that his claims arising from the same subject matter are asserted in one pleading and may be addressed in one lawsuit. Civil Action Number 20-4848 will be closed and dismissed without prejudice to Simmons proceeding in Civil Action Number 20-4846 if he seeks to amend his claims. An Order follows that provides further instruction as to amendment.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**