IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD DAVID SIMMONS, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-4846 |
| | : | |
| GENE TAYLOR, *et al.*, | : | |
| *Defendants.* | : | |
| | : | |
| RICHARD DAVID SIMMONS, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-4848 |
| | : | |
| OFFICER TIMOTHY McBRIDE, *et al.*, | : | |
| *Defendants.* | : | |

## ORDER

AND NOW, this 2nd day of December, 2020, upon consideration of Plaintiff Richard David Simmons's Motions for Extension of time (Civ. A. No. 20-4846, ECF No. 12 & Civ. A. No. 20-4848, ECF No. 11), his Prisoner Trust Fund Account Statements (Civ. A. No. 20-4846, ECF Nos. 3, 13, 14 & Civ. A. No. 20-4848, ECF No. 3, 12, 13), and his *pro se* Complaints (Civ. A. No. 20-4846, ECF No. 2 & Civ. A. No. 20-4848, ECF No. 2), it is **ORDERED** that:

1. The Clerk of Court shall **AMEND** the caption of Civil Action Number 20-4846 to reflect that the City of Linwood and the Linwood Police Department were named as Defendants.

2. The Motions for Extension of Time are **DENIED AS UNNECESSARY** because Simmons timely submitted his prisoner account statement to the Court.

3. Leave to proceed *in forma pauperis* is **GRANTED** in both cases pursuant to 28 U.S.C. § 1915.

4. Richard David Simmons, #QA-4307, shall pay the full filing fees of $700 ($350 for each of the above captioned cases) in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of these cases. The Court directs the Superintendent of SCI-Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Simmons's inmate account; or (b) the average monthly balance in Simmons's inmate account for the six-month period immediately preceding the filing of these cases. The Superintendent or other appropriate official shall, for each of the two cases, calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for each case. In each succeeding month when the amount in Simmons's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Simmons's inmate account until the fees are paid. Each payment shall refer to the docket numbers for these cases.

5. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI-Phoenix.

6. The Complaints are **DEEMED** filed.

7. The Complaint in Civil Action Number 20-4846 is **DISMISSED** in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum as follows:

a. Claims against the Linwood Police Department are **DISMISSED WITH PREJUDICE**; and

b. Claims against the other Defendants are **DISMISSED WITHOUT PREJUDICE** to amendment in accordance with paragraph ten (10) of this Order.

8. The Complaint in Civil Action Number 20-4848 is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum. The dismissal is without prejudice to Simmons filing an amended complaint in Civil Action Number 20-4846 as set forth in paragraph ten (10) of this Order so that all his claims may be raised together in one pleading. He should not file any amended pleadings in Civil Action Number 20-4848.

9. The Clerk of Court shall **CLOSE** civil action number 20-4848, and any further proceedings shall take place in Civil Action Number 20-4846.

10. Simmons may file an amended complaint as to any claims dismissed without prejudice within thirty (30) days of the date of this Order **in Civil Action Number 20-4846 only**. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Simmons's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaints or other papers filed in these cases to state a claim. When drafting his amended complaint, Simmons should be mindful of the Court's reasons for dismissing the claims in his initial Complaints as explained in the Court's

Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

11.     The Clerk of Court is **DIRECTED** to send Simmons a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the civil action number 20-4846.  Simmons may use this form to file his amended complaint if he chooses to do so.[1]

12.     If Simmons does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number 20-4846.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

13.     If Simmons fails to file any response to this Order, the Court will conclude that Simmons intends to stand on his Complaint and will issue a final order dismissing this case.² *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**

---

² The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary.").