IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD DAVID SIMMONS,<br><br>        *Plaintiff,*<br><br>v.<br><br>TIMOTHY McBRIDE, et al.,<br><br>        *Defendants.* | CIVIL ACTION<br>NO. 20-4846 |

**PAPPERT, J.**                                                                                                                                                 **September 10, 2021**

## MEMORANDUM

Richard Simmons, proceeding *pro se*, seeks to sue police officers and officials of Linwood, Pennsylvania pursuant to 42 U.S.C. § 1983 and under Pennsylvania law for intentional infliction of emotional distress relating to his arrest and criminal charges in October of 2018. The police officers move to dismiss the Second Amended Complaint, and the Court grants the Motion.

I

A

On October 4, 2018, Simmons was arrested by Officer Timothy McBride at a cleaners in Linwood and charged with, *inter alia*, false imprisonment, rape, aggravated assault and burglary. (Dec. 2, 2020 Mem. 2, ECF 15.)[1] The rape, aggravated assault

---

[1]     The Court incorporates herein those aspects of its December 2, 2020 Memorandum dismissing Simmons's initial Complaints describing the charges against Simmons and how they were resolved according to public docket information. *See* (Dec. 2, 2020 Mem. 2); *see also Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (explaining courts can take judicial notice of matters of public record). This Memorandum, however, relies on the facts and allegations set forth in the Second Amended Complaint. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. . . . Thus, the most recently filed amended complaint becomes the operative pleading."); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir.

1

and one misdemeanor burglary charge were dropped after preliminary proceedings. (*Id.*)  Simmons ultimately pled guilty to one count of felony burglary, and all other charges against him were dismissed.  (*Id.*)

Simmons contends the arrest and charges were baseless products of actions and omissions by the police.  According to Simmons, McBride filed a report saying he stopped Simmons from "a sexual assault in progress" on October 4 after he heard screams coming from inside the cleaners, went inside and saw Simmons on top of a woman.  (Second Am. Compl. 1, ECF 34.)[2]  But McBride knew the report was false when he made it, because the alleged victim gave a statement saying Simmons "didn't touch her in any kind of sexual manner and . . . didn't land on top of her and in her opinion [he] tried to take her phone and keys."  (*Id.*)  Sergeant Larry Moore purportedly conspired with McBride and allowed him to file the inaccurate report and "file false charges" notwithstanding the alleged victim's statement, and in doing so failed to supervise or discipline McBride.  (*Id.* at 1, 4.)  And Chief Thomas Gaspari allegedly failed to train McBride on writing a true and accurate police report.  (*Id.* at 4.)  Moreover, Gaspari "condoned" McBride and Moore's false reporting by telling reporters for "The Daily Times" newspaper that Simmons "committed the false charges knowing [he] didn't" in an interview days after October 4.  (*Id.* at 1–2.)

Simmons further contends certain Linwood officials bear responsibility for his arrest and criminal charges.  *See, e.g.*, (*id.* at 2, 4).  But as the Court explains *infra*, his

---

2019) ("[L]iberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings.").

[2]  Citations to the Second Amended Complaint reflect page numbers generated by the Court's electronic filing system.

allegations against these officials have long been a moving target, and none of the purported decisionmakers are currently Defendants in this case.

### B

#### i

Simmons has filed several complaints against numerous defendants over this incident. He initially filed two Complaints in two separate lawsuits, one against the City of Linwood, Mayor Gene Taylor, the Linwood Police Department, Police Chief John Ireland, McBride and Moore and a second against McBride and Moore in their individual capacities, both based on the same allegations and circumstances. *See* (Dec. 2, 2020 Mem. 2–3). The Court interpreted the Complaints to raise Fourth Amendment claims for false arrest, false imprisonment and malicious prosecution as well as municipal liability. (*Id.* at 4.) Because Simmons is proceeding *in forma pauperis*, (ECF 16), the Court screened the Complaints and dismissed Simmons's claims against the Police Department with prejudice and all other claims without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (*Id.* at 10.) The Court allowed Simmons to file an amended complaint, but closed his case against McBride and Moore in their individual capacities without prejudice to him proceeding against them in the other case so that all claims arising under the same subject matter would be contained in one pleading and one lawsuit. (*Id.*); *see also* (December 2, 2020 Order ¶ 9, ECF 16).

After his initial Complaints were dismissed, Simmons filed a First Amended Complaint against McBride and Moore only (ECF 19) and then a Second Amended Complaint against McBride, Moore, Taylor and, for the first time, Police Chief Thomas Gaspari. The Second Amended Complaint is the operative pleading.

ii

In the Second Amended Complaint, Simmons seeks recovery under § 1983 again based on Fourth Amendment claims for false arrest, false imprisonment and malicious prosecution, as well as municipal liability. *See generally* (Second Am. Compl. 1–2). He also for the first time asserts a claim of intentional infliction of emotional distress, though he does not specify against who. *See* (*id.* at 3.) His allegations allude to a defamation claim, *see, e.g.*, (*id.* at 2), but he says he is not claiming defamation, (Mot. to Deny Defendants' Mot. to Dismiss Second Am. Compl. 2, ECF 51).

Since filing the Second Amended Complaint, Simmons has told the Court that Taylor should not be a Defendant. He first moved to replace Taylor with a John Doe mayor defendant because he discovered Taylor was not Linwood's mayor. (Mot. to Deny Counsel Mots. to Dismiss 1, ECF 37.) Approximately six months later he moved to add as defendants members of a "borough counsel," whose identities are thus far unknown to him, because he now believes counsel members are the policy and decision makers in Linwood. (Mot. to Add Defendants, ECF 55.) Given Simmons's recognition that the mayor of Linwood does not exist, the Court understands the most recent Motion as seeking to add John Does from the borough counsel in lieu of a John Doe mayor.

Based on his filings, the Court believes Simmons wishes to pursue all claims alleged in the Second Amended Complaint, but only properly so against the police officers, as the Court has not ruled on his Motion to add the John Doe borough counsel members as defendants. McBride, Moore and Gaspari move to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to

Dismiss 2, 10–13, ECF 50.) The Court assesses their Motion based on its understanding of the case's current claims and purported Defendants.

II

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When a complaint includes well-pleaded factual allegations, a court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.* This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Connelly*, 809 F.3d at 786–87).

III

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) a person deprived him of a right secured by the Constitution, and (2) the person violating that right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Because Simmons is proceeding *pro se*, the Court "must liberally construe his pleadings." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted); *see also Bush v. City of Phila.*, 367 F. Supp. 2d 722, 725 (E.D. Pa. 2005) ("Courts are to construe complaints so 'as to do substantial justice,' keeping in mind that *pro se* complaints in particular should be construed liberally.") (quoting *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004)). Moreover, in a § 1983 action, the Court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)). At the same time, *pro se* litigants "must allege sufficient facts in their complaints to support a claim . . . . At the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

A

As the Court explained in its Memorandum dismissing Simmons's initial Complaints, a plaintiff must establish a lack of probable cause to plausibly state a claim

6

for false arrest, false imprisonment or malicious prosecution.  *See* (Dec. 2, 2020 Mem. 5–6,).  Specifically, to establish a constitutional violation resulting from false arrest or false imprisonment, a plaintiff must show he was arrested without probable cause.  *See Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) ("False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.") (quoting *Dempsey v. Bucknell Univ.*, 834 .3d 457, 477 (3d Cir. 2016)).[3]  "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."  *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995).  "[I]t is irrelevant to the probable cause analysis what crime a suspect is eventually charged with," because "'[p]robable cause need only exist as to any offense that could be charged under the circumstances.'"  *Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005) (quoting *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994)).

To establish a constitutional violation resulting from malicious prosecution, a plaintiff must establish that "(1) defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009).  A lack of probable cause in

---

[3]      False arrest and false imprisonment are analyzed together because they are "essentially the same claim." *Olender v. Twp. of Bensalem*, 32 F. Supp. 2d 775, 791 (E.D. Pa. 1999).

the malicious prosecution context can be demonstrated even if probable cause is established for purposes of a false arrest or false imprisonment claim because "the validity of the prosecution for each charge comes into question inasmuch as the plaintiff was subject to prosecution on each individual charge." *Johnson v. Knorr*, 477 F.3d 75, 85 (3d Cir. 2007). Accordingly, "notwithstanding the rule when a plaintiff is pursuing false arrest charges, a defendant initiating criminal proceedings on multiple charges is not necessarily insulated in a malicious prosecution case merely because the prosecution of one of the charges was justified." *Id.*

i

Simmons's false arrest, false imprisonment and malicious prosecution claims appear to be based solely on his allegations that McBride falsely reported he found Simmons engaging in sexual assault even though the purported victim made a statement that Simmons "did not touch her in any kind of sexual manner and . . . didn't land on top of her and in her opinion [he] tried to take her phone and keys." (Second Am. Compl. 1.) He offers no further explanation for why McBride's report was false, alleges no facts regarding what McBride would have actually seen him doing when he entered the cleaners and provides no explanation of the bases for his charges or circumstances surrounding his guilty plea.

Simmons's allegations fail to establish a lack of probable cause for any action taken against him, and his false arrest, false imprisonment and malicious prosecution claims are dismissed accordingly. With respect to his false arrest and false imprisonment claims, the victim's alleged assessment of the October 4 incident is "sufficient in [itself] to warrant a reasonable person to believe that an offense ha[d]

been or [was] being committed" by Simmons.  And Simmons's otherwise "'bare-bones' allegation of falsehoods and fabrications does not meet the applicable pleading standard." *Santiago v. Hulmes*, No. 14-07109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)).[4]

As to the malicious prosecution claim, none of Simmons's allegations contain any facts from which the Court can infer probable cause was lacking with respect to any of the charges against him.  *See, e.g.*, *Jenkins v. City of Phila.*, No. 15-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015) (dismissing false arrest, false imprisonment and malicious prosecution claims where "[t]he only facts [plaintiff] allege[d]," that he was twice arrested, did not have drugs in his possession, did not break the law and the police confiscated his property, failed to demonstrate lack of probable cause); *Santiago*, 2015 WL 1422627, at *4 (dismissing false arrest, false imprisonment and malicious prosecution claims where plaintiffs did not "allege what they believe actually happened the day of the arrest" or "affirmatively assert facts to show that the Officer Defendants did not have probable cause").

---

[4] Defendants contend the fact that Simmons pleaded guilty to felony burglary is also sufficient to establish probable cause for his arrest.  (Mot. to Dismiss 5.)  Indeed, courts in this district have found a guilty plea precludes a claim of lack of probable cause to arrest.  *See, e.g.*, *Fields v. City of Pittsburgh*, 714 F. App'x 137, 2017 (3d Cir. 2017) ("Although Fields pleaded to lesser offenses than he was originally charged with, his guilty plea inherently included an acknowledgement that probable cause existed to arrest him for some offense") (emphasis in original); *Rosembert v. Borough of East Landsdowne*, 14 F. Supp. 3d 631, 641 (E.D. Pa. 2014) ("Probable cause for a § 1983 unlawful arrest claim is . . . established by guilty plea or conviction, although not where the conviction is later overturned.") (internal quotations and citation omitted); *Stief v. Robeson Twp.*, No. 5:20-cv-06272, 2021 WL 2137588, at *7 (E.D. Pa. May 26, 2021) ("A plaintiff who later pleads guilty cannot argue that the preceding arrest was without probable cause, even if the guilty plea is for a lesser offense.").

9

B

Simmon's failure to state a constitutional violation is fatal to his municipal liability claim. *See Williams v. West Chester*, 891 F.2d 458, 467 (3d Cir. 1989). In any event, the municipal liability claim fails on its merits.

The Court explained the requirements for pleading municipal liability claims in its Memorandum dismissing Simmons's initial Complaints. *See* (Dec. 2, 2020 Mem. 8–9).[5] Again, to state a § 1983 claim for municipal liability, a plaintiff must allege that the defendants' policies or customs caused an alleged constitutional violation. *See Monell*, 436 U.S. at 694. To "satisfy the pleading standard," a plaintiff must "identify a custom or policy, . . . specify what exactly that custom or policy was," *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009), and "demonstrat[e] an 'affirmative link' between the policy or custom and the particular constitutional violation he alleges," *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019). The Third Circuit Court of Appeals has explained:

> Policy is made when a 'decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action' issues an official proclamation, policy, or edict. A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanently and well-settled' as to virtually constitute law.

*McTernan*, 564 F.3d at 658 (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom requires proof of knowledge and acquiescence by the decisionmaker." *Id.* (citing *Watson v. Abington Twp.*, 478 F.3d 144, 154 (3d Cir. 2007); *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)).

---

[5] The Court also explained that a lawsuit against individuals in their official capacities is treated and analyzed as a lawsuit against an entity based on the entity's municipal liability. *See* (Dec. 2, 2020 Mem. 8 (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).

Alternatively, a plaintiff may state a claim for municipal liability under § 1983 by alleging failure to train, supervise or discipline employees. *See Estate of Roman*, 914 F.3d at 798; *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). "For claims involving police officers, the Supreme Court has held that the failure to train 'serve[s] as [a] basis for § 1983 liability only where [it] . . . amounts to deliberate indifference to the rights of persons with whom the police come into contact.'" *Estate of Roman*, 914 F.3d at 798 (quoting *City of Canton v. Harris*, 489 U.S.378, 388 (1989)). To sufficiently plead deliberate indifference, a plaintiff must establish that "(1) municipal policymakers know that employees will confront a particular situation[,] (2) the situation involves a difficult choice or a history of employees mishandling[,] and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* (quoting *Doe v. Luzerne Cty.*, 660 F.3d 169, 180 (3d Cir. 2011)). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

i

Simmons appears to assert both theories of municipal liability, but his allegations as to each are entirely conclusory.[6] With respect to a policy or custom, he says that because Gaspari told reporters Simmons was guilty of the charges against him knowing that was untrue, it "is safe to say that the municipality adopted a custom of permitting its police officers to file false police reports and false charges for publicity purposes." (Second Am. Compl. 2.) The leap Simmons makes obviously lacks any

---

[6] Simmons has not clearly identified the municipality he seeks to hold liable. *See, e.g.*, (Mot. to Dismiss 3, 10). Even if he had, he fails to state a claim for municipal liability as a general matter.

11

support which could plausibly establish the existence of a practice "'so permanently and well-settled' as to virtually constitute law." Moreover, the allegation fails to show a decisionmaker knew about this purported custom and acquiesced to it, because "as a matter of Pennsylvania state law, a township Police Chief is not a final policymaker." *Santiago v. Warminster Twp.*, 629 F.3d 121, 135 n.11 (3d Cir. 2010) (citing 53 Pa. Stat. Ann. § 66902; *Hicks v. Warminster Twp.*, No. 00-2895, 2001 WL 1159750, at *3 (E.D. Pa. July 26, 2011)).

With respect to failure to train, supervise or discipline, Simmons alleges throughout the Second Amended Complaint that McBride was not properly trained, supervised or disciplined, but alleges no facts to support those conclusions either. *See, e.g.*, *Freedman v. City of Allentown*, 853 F.2d 1111, 1117 (3d Cir. 1988) ("Mere conclusory allegations . . . that the defendants deliberately elected not to train are not enough to support a constitutional claim."); *McCall v. City of Phila.*, 396 F. Supp. 3d 549, 560 (E.D. Pa. 2019) (allegations that City failed to train, supervise and discipline employees without factual support insufficient to plead deliberate indifference); *Cooper v. Chester*, 810 F. Supp. 618, 623 (E.D. Pa. 1992) (pleading alleging city "as a matter of policy and practice, has, with deliberate indifference failed to adequately discipline, train or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the unlawful conduct" insufficient).[7]

---

[7] Defendants argue that regardless of the adequacy of Simmons's pleadings, they are entitled to qualified immunity, (Mot. to Dismiss 13–16), which protects state actors who have committed constitutional violations if the plaintiff's rights were not "clearly established" at the time of the violation, *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Although qualified immunity is an affirmative defense, "a complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense appears on its face." *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001). The

IV

A *pro se* prisoner alleging claims under Section 1983 must generally be granted leave to amend unless amendment would be futile or inequitable. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). A district court applies "the same standard of legal sufficiency that applies under Rule 12(b)(6)" to assess futility. *Id.*

It would be futile to allow Simmons to again amend his § 1983 claims. When the Court dismissed his initial Complaints, it identified specific defects in his claims and detailed the pleading requirements for Simmons to properly allege each. *See generally* (Dec. 2, 2020 Mem. 4–10). It then gave Simmons two opportunities to amend his complaint. *See* (Dec. 2, 2020 Order, ECF 16); (May 12, 2021 Order, ECF 49).

Notwithstanding the Court's guidance, each iteration of Simmons's pleadings contain essentially the same defects as the initial Complaints.[8] Over time Simmons has added or changed some factual allegations regarding the circumstances of the October 4 incident, but each modification has made it more apparent that he cannot state a claim for relief pursuant to § 1983. For example, in his initial Complaint against the City of Linwood, Mayor Taylor, Chief Ireland, the Police Department, McBride and Moore, Simmons claimed McBride's report of the incident was false

---

Court need not address this argument because Simmons has failed to plausibly allege a constitutional violation.

8     While the Court has never previously opined on the merits of Simmons's First Amended Complaint, the Court reviewed that pleading for the purpose of determining whether amendment would be futile.

because the alleged victim gave an "interview and statement that contradicted the conspired police reports." (Compl. 4.) In his First Amended Complaint, he specified that the victim "told Sergeant Moore that when [Simmons] fell [he] landed on the side of her and . . . didn't touch her in any kind of sexual manner." (First. Am. Compl. 4.) Now, he alleges the victim said he did not land on top of her but believed he tried to take her phone and keys.

In the First Amended Complaint Simmons vaguely discussed the incident from his perspective, but those allegations would not help him state a claim either. Simmons said he went into the cleaners for medical attention, had a seizure and while falling "grabbed the attendant and . . . fell on the side of her." (First Am. Compl. 5.) Under any of Simmons's versions of events, the facts alleged could not establish a lack of probable cause for his arrest and prosecution. The Court dismisses Simmons's § 1983 claims with prejudice. *Cf. Jones v. Unknown*, 944 F.3d 478, 483 (3d Cir. 2019) (finding amendment by *pro se* litigant of certain insufficiently pled § 1983 claims would be futile because "he has already had two chances to tell his story"); *Youst v. Lukacs*, No. 20-cv-3287, 2021 WL 3051936, at *5 (E.D. Pa. July 20, 2021) (dismissing with prejudice § 1983 municipal liability claims inadequately pleaded by *pro se* litigant in Second Amended Complaint, "it appearing that any further attempt at amendment would be futile"); *Nunez v. Pistro*, No. 21-cv-0995, 2021 WL 2936032, at *2 (E.D. Pa. July 13, 2021) (finding amendment by *pro se* plaintiff would be futile where court previously identified defects in plaintiff's claims but plaintiff's amended complaint "contain[ed] essentially the same defects as his initial Complaint").

i

Moreover, Simmons cannot add the borough counsel as defendants at this stage. On September 8, 2021, he moved to assert claims against the counsel arising from the October 4, 2018 incident. "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Section 1983 claims in Pennsylvania are subject to a two-year statute of limitations. *Id.*

Where, as here, the limitations period has expired, a plaintiff may only name a new party if he demonstrates the claims against the new party relate back to the original complaint. *See* Fed. R. Civ. P. 15(c); *Estate of Grier v. Univ. of Pa. Health Sys.*, No. 07-4224, 2009 WL 1652168, at *2–3 (E.D. Pa. June 2009). Federal Rule of Civil Procedure 15(c)(1)(C) provides that the addition of a new party relates back when:

> (1) The claim or defense set forth in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading; (2) within the time period provided in [Federal] Rule [of Civil Procedure] 4(m), the party or parties to be added received notice of the institution of the suit and would not be prejudiced in maintaining a defense; and (3) the party sought to be added knew that, but for a mistake concerning his or her identity, he or she would have been made a party to the action.

*Garvin v. City of Phila.*, 354 F.3d 215, 222 (3d Cir. 2003); Fed. R. Civ. P. 15(c)(1)(C). For an *in forma pauperis* action, the Third Circuit Court of Appeals has held that:

> once a plaintiff submits an *in forma pauperis* complaint within the time provided by the statute of limitations, and after the § 1915(a) *in forma pauperis* determination is made, the [90] day period of Rule 15(c)[(1)(C)] for satisfying the requirements for relation back of an amendment that changes or adds a party is suspended while the district court considers the § 1915[(e)(2)] question. If an amendment will cure defects in the complaint, it must be permitted, and upon the filing of an appropriate amendment, the district judge must order issuance of the summons and service of the complaint. Upon the entry of that order directing service of the amended complaint, the suspension ends and the [90] day period of Rule 15(c)[(1)(C)] for service beings to run.

15

*Smith v. Commonwealth*, No. 1:18-cv-01241, 2020 WL 896684, at *4 (M.D. Pa. Jan. 8, 2020) (quoting *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 453–54 (3d Cir. 1996)).

Even assuming Simmons's claims against the borough counsel arise "out of the conduct, transaction or occurrence set forth in the original pleading," he cannot show they relate back because he still does not know who he intends to sue and has not shown, and seemingly cannot show, that these people received notice of this law suit within the requisite time period—the Court ordered the Clerk of Court to serve waiver requests on the defendants with a copy of the Amended Complaint over eight months ago on December 23, 2020. *See* (Dec. 23, 2020 Order, ECF 20). Nor has Simmons shown these people would know they would have been parties to this case but-for Simmons mistaking their identities.

V

The Motion to Dismiss does not address Simmons's claim for intentional infliction of emotional distress. But pursuant to 28 U.S.C. § 1367(c)(3), the Court has discretion to decline to exercise supplemental jurisdiction over state law claims once all claims over which the Court has original jurisdiction have been dismissed. In such situations, it is appropriate to refrain from exercising jurisdiction over the state law claims "in the absence of extraordinary circumstances." *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir. 1967). With the dismissal of Simmons's federal claims, and in the absence of extraordinary circumstances, the Court declines to exercise supplemental jurisdiction over Simmons's IIED claim. That claim is dismissed without prejudice to its renewal in state court.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.
